JUSTICE TRIEWEILER
specially concurs.
¶103 I concur with the result of the majority Opinion. However, I do not agree with all that is stated in that Opinion.
¶104 I disagree with the majority’s conclusions in ¶¶ 97 and 100 that the Defendant Richard Alan Ayers, Jr., “failed to properly preserve the prejudice objection he now urges us to consider.”
¶105 The majority has correctly set forth the rule of law regarding preserving an objection for purposes of appeal by way of a motion in hmine. In State v. Ingraham, 1998 MT 156, ¶ 36, 290 Mont. 18, ¶ 36, 966 P.2d 103, ¶ 36, we stated that “[w]e have repeatedly ‘approved the use of a motion in limine to preserve an objection for appeal, provided the objecting party makes the basis for his objection clear to the district court.’” (Citing State v. Fuhrmann (1996), 278 Mont. 396, 403, 925 P.2d 1162, 1166). We have further stated in Fuhrmann that where a defendant’s “argument before [this Court] is grounded in the same theory as was his argument below,” defendant’s motion in limine properly preserved his objection. See Fuhrmann, 278 Mont. at 403, 925 P.2d at 1167.
¶106 In this case, the State indicated its intent to offer evidence of prior crimes at the omnibus hearing on April 3, 2000. One week later, on April 10, it filed a formal notice of its intent to offer evidence of the 1990 guilty plea to first degree sexual assault. On May 16, 2000, the Defendant filed a substantive six-page brief in opposition to the State’s stated intent to offer evidence of other crimes. In that brief, Ayers’ attorney set forth the four-part test to determine the admissibility of evidence of other crimes and then applied each part to the facts then known to the parties. Regarding the prejudicial effect of the prior offense, he argued that:
The danger of the “improper inference about propensity” (i.e., if he did it before, he must have done this one too) far outweighs any inference that the crimes are so similar that only one person could have committed them.
Finally, prong four of the modified Just Rule is also unsatisfied, in that even if the court finds this evidence relevant, it may be excluded because it’s probative value is substantially outweighed *424 by the danger of unfair prejudice. It is hard to fathom how a defendant who is presumed innocent, must endeavor to overcome the evidence when the jury hears that he has “done it once before.”
¶107 It is hard to fathom how a more specific objection to the prior crimes evidence based on its prejudicial effect could be required. As this Court places more and more exacting demands on litigators to specify every trivial detail of the basis for an objection in order to preserve that objection for appeal, this Court creates a burden that cannot be complied with during the normal course of litigation.
¶108 Ayers not only filed the brief and the specific objection previously cited, he renewed his objection on November 20,2000, after withdrawing his alibi defense and filed a supplemental brief on July 26, 2001, in which he cited Evert v. Swick, 2000 MT 191, 300 Mont. 427, 8 P.3d 773, as additional authority.
¶109 In spite of all these efforts to bring to the attention of the District Court the basis for his objection to the evidence of prior crimes, the majority now, in an effort to avoid reaching the issue of whether the evidence was in fact too prejudicial, states that Ayers waived his objection based on prejudice because “he did not argue that any specific details from the incident would be exceptionally prejudicial.” ¶ 97. Nothing in our prior jurisprudence requires that a defendant set forth the specific details of a prior event which makes it prejudicial. No reasonable attorney would think that each specific detail of the event had to be objected to separately. The prejudice of the prior event speaks for itself. The issue is simply whether the prejudicial effect of the prior offense outweighs its probative value. I conclude that it did not. However, I also conclude that in the effort to evade that issue, this Court has added another impractical and unrealistic obstacle to an attorney’s effort to preserve his or her objection for appeal. See also State v. Hoffman, 2003 MT 26, 314 Mont. 155, 65 P.3d 1013.
¶110 For these reasons, I specially concur in the result of the majority Opinion while I strongly disagree with at least one conclusion stated by the majority in that Opinion.